# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS F. KAFER,

                         Petitioner,

v.

JUDY P. SMITH,

                         Respondent.

Case No. 16-CV-353-JPS

**ORDER**

The petition in this matter was filed on March 23, 2016 and assigned to District Judge Charles N. Clevert, Jr. (Docket #1). Judge Clevert screened the case and ordered Respondent to address the petition no later than January 20, 2017. (Docket #6). On February 7, 2017, with no response having been filed, Judge Clevert ordered Respondent to show cause why her failure to respond should not be sanctioned. (Docket #7). Respondent submitted her response to the show cause order, and a motion to dismiss the Petition, on February 28, 2017. (Docket #10 and #11). Judge Clevert accepted Respondent's excuse for missing the response deadline, namely clerical error, discharged the show cause order, and accepted the motion to dismiss. *See* Docket Text Order of March 17, 2017. Petitioner opposed the motion on March 27, 2017, and Respondent replied on April 5, 2017. This matter was reassigned to this branch of the Court on March 29, 2017. Respondent's motion is fully briefed and, for the reasons stated below, it will be granted.

Respondent offers a single basis for dismissing the petition—timeliness. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final

when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (2012) (citing *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002)). Petitioner exhausted his appeals in Wisconsin state courts on June 12, 2013. (Docket #13 at 3). Because there is no indication that he sought U.S. Supreme Court certiorari, Petitioner's conviction became final on September 10, 2013. He was required, then, to file his habeas corpus petition no later than September 10, 2014. The instant petition was filed more than a year-and-a-half late.

Petitioner offers three arguments to circumvent his tardiness. First, he contends that the statute of limitations should be equitably tolled to render his petition timely. The Seventh Circuit has explained that:

> [t]here are two principal tolling doctrines. One is equitable estoppel, which comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations as a defense. . . . . The other doctrine is equitable tolling. It permits a plaintiff to avoid the bar of the statute of limitations if *despite all due diligence* he is unable to obtain vital information bearing on the existence of his claim.

*Clarke v. United States*, 703 F.3d 1098, 1101 (7th Cir. 2013) (citations and quotations omitted) (emphasis in original). Petitioner may exclude time from the statute of limitations calculus, and thereby achieve timely filing, if he shows that during the subject time, he "(1) pursue[d] his rights diligently, and (2) 'some extraordinary circumstance stood in his way and prevented timely filing.'" *Gladney v. Pollard*, 799 F.3d 889, 894–95 (7th Cir. 2015) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Petitioner bears the burden of proof on both points. *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014). The

Seventh Circuit notes that "tolling is rare; it is 'reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing.'" *Id.* at 684.

Petitioner's argument on both points is founded on the same circumstance. In August 2013, two months after his state court appeals concluded, Petitioner was targeted for another criminal investigation by the state. (Docket #3-1 at 2). Petitioner retained his current counsel in October 2013. *Id.* His counsel avers:

> Petitioner and I anticipated that new charges would be forthcoming. We were extremely concerned that the filing of the new charges would interfere with a fair consideration of the petition for habeas corpus and conversely, that a pending habeas petition would impair petitioner's ability to negotiate a settlement of the new matter.

*Id.* Petitioner's counsel nevertheless had the petition prepared five months later, in February 2014. *Id.* The charges Petitioner feared were not actually filed until December 11, 2014. *Id.* His counsel states that "the majority of 2015 was devoted to negotiating and resolving the second charge." *Id.*

This explanation demonstrates that equitable tolling does not lie here. Even assuming Petitioner diligently pursued his rights, he cannot show that "some extraordinary circumstance **stood in his way** and **prevented** timely filing." *Gladney*, 799 F.3d at 895 (emphasis added).[1] Petitioner stresses that he "did not merely decide not to file the petition. Rather, [he] was hamstrung by

---

[1]This is not to say that Petitioner actually exercised reasonable diligence. *See Holland*, 560 U.S. at 653. He must demonstrate that he was diligent throughout *all* of the time between September 2014 and March 2016, and it appears that a number of discrete periods within that time are either unaccounted for or excessively long. Because Petitioner fails to establish an "extraordinary circumstance," however, the Court need not definitively resolve the issue.

the State's decision to file another charge against him[.]" (Docket #13 at 3). Similarly, Petitioner contends that he "could not reasonably go forward with the habeas petition because he could not do so without forfeiting the likely plea agreement on the new charge." *Id.*

Petitioner is incorrect. By at least February 2014, seven months before the statute of limitations would run, Petitioner was equipped to file his petition. He did not file it because he made a strategic choice, namely that a habeas filing might negatively impact his plea negotiations on the new charge. Petitioner's strategy appears to have been of some benefit to him, as he ultimately resolved the new charge. He cannot obtain the benefit of his choice in one instance, and then complain that the choice harmed him in another. Further, petitioner has not cited any case with something close to analogous facts or even arriving at the result he desires. *Pace v. DiGuglielmo*, 544 U.S. 408, 424 (2005) (dissent mentions government interference which may underlay a substantive habeas claim, not any statute of limitations concern); *Johnson v. McBride*, 381 F.3d 587, 589-90 (7th Cir. 2004) (a petitioner cannot raise equitable tolling when his lawyer missed the filing deadline); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (no evidence that the respondent "lulled Kreutzer into inaction," when the state in fact highlighted the running statute of limitations in prior filings). Without such precedent, the Court views this matter as Respondent does:

> The new charge is not extraordinary, but even if it were, it did not prevent Kafer from filing. Instead, the new charge, at worst, influenced Kafer's decision to wait to file his petition. Nothing "stood in his way" of submitting his petition to this Court.

(Docket #15). The Court declines to exercise its equitable powers to toll the statute of limitations in this instance.

Petitioner's second argument is the equitable estoppel doctrine. As quoted above, the doctrine "comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations as a defense." *Clarke*, 703 F.3d at 1101. (quotation omitted). As before, even assuming Respondent took some action that Petitioner could have reasonably relied on, he fails to explain how he was *prevented* from filing his petition by any such action. While the state certainly took their time to charge him, it was his conscious choice to delay filing his petition in what he believed was in his best interest. Again, Petitioner appears to have gained some benefit from that decision, and the Court will not hear him complain that the current circumstances are inequitable because he might regret his choice.

Petitioner's last hope to avoid dismissal is an assertion of waiver. He believes that Respondent waived her right to argue that the petition was untimely filed because her own motion was filed late. The Court disagrees. Respondent informed Judge Clevert that her lateness was due to an administrative mix-up. (Docket #10). He accepted that excuse *and* accepted the filing of her motion to dismiss. *See* Docket Text Order of March 17, 2017. This Court will not second-guess Judge Clevert's decision. Respondent has thus waived nothing with respect to the timing of her motion.

In sum, Petitioner left the statute of limitations well behind him before filing the instant petition. This necessitates dismissal, and his meritless claims for equitable relief do not forestall that fate. Congress applied a one-year statute of limitations to habeas corpus actions to bring finality to criminal judgments, and the Court will not lightly cast Congress' will aside. *Rivera v. Pollard*, 504 F. App'x 502, 505 (7th Cir. 2013).

Accordingly,

**IT IS ORDERED** that Respondent's motion to dismiss (Docket #11) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of *habeas corpus* (Docket #1) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of April, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge