# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS F. KAFER,

                Petitioner,

v.

JUDY P. SMITH,

                Respondent.

Case No. 16-CV-353-JPS
7th Circuit Case. No. 17-1948

**ORDER**

        On April 7, 2017, the Court dismissed Petitioner Thomas F. Kafer's ("Kafer") petition upon Respondent's motion. (Docket #16). Kafer gave notice of his intent to appeal that decision on May 5, 2017. (Docket #18). Before a habeas petitioner may take an appeal to the Seventh Circuit, however, the district court must consider whether to grant the petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c). To obtain a certificate of appealability, Kafer must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted).

        Kafer's petition was dismissed on one ground—untimeliness. (Docket #16 at 1-2). Kafer argued that various equitable doctrines excused his tardiness. First, he claimed that the statute of limitations should have been equitably tolled. Specifically, Kafer maintained the pendency of a separate state criminal charge prevented him from timely filing his habeas petition in this Court. The Court rejected that argument because it lacked

any citation to analogous authority and, in light of the clear standard announced by the Seventh Circuit in *Gladney*, the separate charge did not stand in the way of timely filing. *Id.* at 2-4.

Second, Kafer sought to apply equitable estoppel to his petition for the same reasons. The Court disagreed with Kafer on the same grounds. *Id.* at 5. Finally, Kafer claimed that Respondent had waived any statute of limitations defense by the lateness of its own motion to dismiss. The Court noted that waiver was inapplicable because Judge Clevert, to whom this case had previously been assigned, did not reject the motion as untimely. *Id.* Because Kafer's filings fail to show any disagreement among reasonable jurists as to the issues he presented, the Court cannot conclude that it should have resolved the matter differently or that it needs further development in the Court of Appeals. The Court will, therefore, deny Kafer a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner is **DENIED** a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

Dated at Milwaukee, Wisconsin, this 12th day of June, 2017.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge